**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALEX P. STUCKEY, JR.,

          Plaintiff,

vs.                                       Case No.  3:13-cv-1060-J-32JBT

CINTAS CORPORATION and
CINTAS CORPORATION NO. 2,

          Defendants.
_____

## ORDER

This case is before the Court on Plaintiff Alex P. Stuckey, Jr.'s Unopposed Motion to File Documents Under Seal and Incorporated Memorandum of Law ("Motion to Seal") (Doc. 34). In this employment agreement case, Plaintiff alleges that the Defendants breached their employment agreements with him by failing to reimburse him for certain health insurance premiums he paid and then by failing to pay him the compensation he was entitled after Defendants terminated his employment without cause. (See, e.g., Doc. 1. at ¶¶ 35-40.) Plaintiff now seeks the Court's leave to file under seal copies of the "Stock Purchase Agreement" and the "Settlement and Release Agreement" he believes to be relevant to the resolution of this case, including his recently filed motion for partial summary judgment. (Doc. 34 at 2.) These documents apparently contain the financial information of non-parties. (Doc. 34 at 2-3.) Defendants do not oppose the motion. (Id. at 4.)

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). "[M]aterial filed with discovery motions is not subject to the

common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001). The public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection. See id. at 1313; see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of any challenge to sealing the information, the court, as "the primary representative of the public interest in the judicial process," is duty-bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the

interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.  M.D. Fla. R. 1.09(a).

In his Motion to Seal, Plaintiff represents that the Stock Purchase Agreement and the Settlement and Release Agreement contain the confidential, financial information of individuals who are not parties to this case.  (Doc. 34 at 2-3.)  Plaintiff argues that, while this financial information is not relevant to the case, redaction is not an option because it "would be extensive and burdensome, and would deprive the Court of a full understanding of the background and context of Stuckey's employment agreement."  (Id. at 4.)  Plaintiff proposes filing and keeping these documents under seal for the duration of the case.  (Id.)

Upon review of the file, it appears the Stock Purchase Agreement and the Settlement and Release Agreement will be necessary to resolve at least Plaintiff's recent motion for partial summary judgment.  It is not clear from the Motion to Seal, however, precisely what financial information these documents contain and why the documents cannot be redacted if this information is indeed irrelevant.  But rather than requiring Plaintiff to brief this issue further at this point, the most direct solution is for Plaintiff to simply provide the documents to the Court for its review.

Accordingly, it is hereby **ORDERED** that, on or before **January 20, 2014**, Plaintiff shall submit to chambers courtesy copies of the documents he proposes to file under seal.

**DONE AND ORDERED** at Jacksonville, Florida, on this 16th day of January, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies:

Counsel of Record